# Commonwealth to use of Shelly *v.* Walter.

*Execution—Sheriff's interpleader—Right of property—Right of possession—Bailment.*

Where a property levied upon is claimed by a third person as a lessor of the defendant in the execution, and an interpleader is framed between the claimant and the plaintiff in the execution which results in favor of the claimant, the latter is entitled to possession of the property, and the sheriff is bound to deliver it to him. If as between the claimant and the defendant in the execution the latter is entitled to the possession, he must sue the claimant for the alleged wrongful detention.

Argued April 11, 1900. Appeal, No. 79, Jan. T., 1900, by plaintiff, from judgment of C. P. Luzerne Co., Oct. T., 1895, No. 680, on verdict for defendant in case of Commonwealth to use of S. F. Shelly v. William Walter, Sheriff, and John S. Oberrender et al. Before GREEN, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit upon sheriff's official bond. Before LYNCH, J.

At the trial it appeared that on May 31, 1894, the sheriff levied upon a stationary engine and boiler and other property situate at the culm bank of the Reynolds Coal Company. The Advance Coal Company, Limited, notified the sheriff that they owned the property levied on, and that S. F. Shelly, the defendant in the execution leased the property from them. An issue was framed between the Advance Coal Company and the plaintiff in the execution which resulted in favor of the Advance

Coal Company. After the trial of the interpleader Shelly requested the sheriff to restore him to possession of the property. The sheriff refused to do so.

The plaintiff presented among others the following points:

2. When personal property is in the possession of a person under a contract of bailment, or hiring for use, the sheriff may not seize the thing itself, because under the contract of bailment different parties are interested, the one party having the right of property and the other the right of possession and use. In such cases the sheriff could only sell the interest of the debtor in the property. If he should seize the property itself he would be a trespasser, and such levy being illegal, it would subject him to an action by the bailee for damages for disturbing his possession and interfering with the performance of his contract of bailment. *Answer:* Denied. [1]

5. Mr. Shelly's right to the possession and use of this plant were not tried in the interpleader suit. *Answer:* Denied. [2]

6. The sheriff had notice of our rights under the contract, and it is immaterial, as this case stands, whether they were those of owner, lessee or bailee. Whatever these rights were he destroyed by giving possession to the Advance Coal Company without a proper levy or a sale. *Answer:* Denied. [3]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1, 2, 3) above instructions, quoting them.

*D. L. Creveling,* with him *D. L. Rhone* and *J. Q. Creveling,* for appellant.—Where property is leased or bailed, the specific thing is not liable to be seized and sold under execution, either against the lessor or owner, or against the lessee or bailee. There is a concurrent ownership which is lawful, one party having the absolute right of property, the other party having the right of possession and qualified property in the use of it. The sheriff having execution against such property finding it thus situated shall restrict his levy to the interest of the particular defendant in the property, and should not assume dominion over it. A sale of the specific thing passes no title to the purchaser and is a trespass. This rule has been applied in the following cases: Pierce v. Sweet, 33 Pa. 151; Crist v. Kleber, 79 Pa. 290; Titus-

ville Novelty Iron Works' App., 77 Pa. 103; Thropp's App., 70 Pa. 395; Freeman v. Simons, 7 Phila. 307; Welsh v. Bell, 32 Pa. 12; Dixon v. Sewing Machine Co., 128 Pa. 397; Reichenbach v. McKean, 95 Pa. 432; Van Dike v. Rosskam, 67 Pa. 330; Lehigh Co. v. Field, 8 W. & S. 232; Harris v. Smith, 3 S. & R. 20; Lyle v. Barker, 5 Binney, 457; Srodes v. Caven, 3 Watts, 258.

The verdict and judgment in the interpleader was for the goods described in the declaration. The right to the possession remained in Shelly: Schwan v. Kelly, 173 Pa. 65; Maurer v. Sheafer, 116 Pa. 339; King v. Faber, 51 Pa. 387.

*F. W. Wheaton*, with him *James L. Morris* and *A. C. Campbell* for appellees.—The sheriff was not bound to know Shelly's title nor to decide on his own responsibility whether the property was real or personal. He was entitled to an interpleader to settle those questions for his protection: Pritchett v. McWilliams, 2 W. N. C. 353; Kisterbock v. Todd, 16 W. N. C. 47.

On the giving of the bond the property is placed in the possession of the claimant. His custody is substituted for the custody of the sheriff: Hagan v. Lucas, 10 Peters, 400; Bain v. Lyle, 68 Pa. 66; Byrne v. Hayden, 124 Pa. 176; Riley v. Ogden, 185 Pa. 510; Reger v. Brass Co., 6 Pa. Superior Ct. 378; Book v. Sharpe, 189 Pa. 48.

Counsel for appellant assert that all that was determined by the interpleader issue was the mere right of property. They persistently ignore the fact that the interpleader was solely for the protection of the sheriff: Bain v. Funk, 61 Pa. 185.

The claimant was entitled to the immediate possession of the chattels: Advance Coal Co. v. Miller, 7 Kulp, 541.

Where the verdict in the interpleader is for the plaintiff the sheriff is entitled to protection for every act done by him under the direction of the court, or in accordance with the interpleader proceedings. This protection is extended to the sheriff for every such act done after the presentation of his petition: Zacharias v. Sheriff, 90 Pa. 386; Larzelere v. Haubert, 109 Pa. 515.

PER CURIAM April 23, 1900:

If Shelly was the owner the sheriff rightfully seized and took

possession of the property at the suit of his judgment creditors. But the interpleader was framed because the Advance Coal Company claimed it. When the issue was ended by the judgment of the interpleader that the property levied was that of the Advance Coal Company, it was entitled to the possession and to that company the sheriff was bound to deliver the property. If as between it and Shelly the latter is entitled to the possession he must sue the Advance Coal Company upon his claim that they wrongfully detain it.

Judgment affirmed.